IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT FRANCIS CASSIDY,

      Plaintiff,

  vs.                               Civil Action 2:12-cv-668
                                       Judge Marbley
                                       Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income for the period prior to plaintiff's 55th birthday.  This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 13, defendant's *Opposition to Plaintiff's Statement of Errors* ("*Commissioner's Response*"), Doc. No. 20, and *Plaintiff's Reply*, Doc. No. 21.

Plaintiff Robert Francis Cassidy filed his applications for benefits on October 1, 2008, alleging that he has been disabled since April 16, 2005.  *TR* 66, 1003.[1]  The applications were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

---

[1] *TR* refers to the certified administrative record manually filed in this action by the Commissioner.

An administrative hearing was held on September 21, 2011, at which plaintiff, represented by counsel, appeared and testified, as did Larry A. Bell, who testified as a vocational expert. *TR* 955. In a decision dated November 4, 2011, the administrative law judge found that plaintiff was not disabled from April 16, 2005, through the date of the administrative law judge's decision. *TR* 1017. Plaintiff requested review of the administrative law judge's decision by the Appeals Council, which granted review on May 23, 2011. *TR* 12-14. The Appeals Council concluded that plaintiff's residual functional capacity ("RFC") for a reduced range of light work required a finding of disability when plaintiff reached the age of 55. *See* Medical-Vocational Guidelines Rule 202.06, 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id*.

Plaintiff was 55 years of age on the date of the administrative law judge's decision. *See TR 66, 1017*. Plaintiff has a high school education, is able to communicate in English, and has past relevant work as ripsaw operator. *TR* 13, 992, 1016. Plaintiff was last insured for disability insurance purposes on June 30, 2012. *TR* 1005. He has not engaged in substantial gainful activity since April 16, 2005, his alleged onset date. *Id*.

## II. Medical Evidence[2]

Plaintiff presented to an emergency room on April 16, 2005 with sudden onset of numbness and weakness on the left side. *TR* 239-40. He was diagnosed with left side tingling and was discharged the same

---

[2] Plaintiff's *Statement of Errors* challenges the administrative law judge's alleged failure to follow the treating physician rule, to properly evaluate plaintiff's credibility and to accurately portray plaintiff's limitations in a hypothetical to the vocational expert.

2

day.  *Id*.  Plaintiff again presented to an emergency room on April 20, 2005, due to sudden weakness in the left side of his body.  *TR* 211-27.  Plaintiff was diagnosed with non-carotid small vessel transient ischemic attack and degenerative cerebral microvasculopathy and was discharged on April 22, 2005.  *Id*.

Plaintiff presented to an emergency room on September 29, 2008 with complaints of shortness of breath and chest pain.  Diagnoses included myocardial infarction and congestive heart failure.  *TR* 267-79, 290-91.

In November 2008, plaintiff underwent the removal of a basal cell carcinoma on his upper left nasal area, *TR* 280, 330, followed by skin grafts and radiation therapy.  *TR* 490-92.

Plaintiff received psychiatric and counseling services at Jefferson Behavioral Health System from October 2008 through March 2012.  *See TR* 310-18, 335-45, 626-718, 868.  Upon initial examination, Raelyn Conner, M.Ed, P.C.C., diagnosed major depressive disorder, single episode, severe without psychotic features; anxiety disorder, NOS; cannabis abuse r/o dependence; and r/o bipolar disorder.  *TR* 313.  Mary Ann Curfman, L.P.C., L.S.W., provided counseling sessions beginning October 23, 2008 and saw plaintiff on at least twelve (12) additional occasions between February 2009 and June 2010. *TR* 651, 656, 661, 665, 671, 684, 688, 695, 700, 704, 709, 710. Ms. Curfman completed a Daily Activities Questionnaire and a Mental Status Questionnaire on May 7, 2009, *TR* 397-401, and opined that plaintiff's concentration, memory, and ability to pay attention are impaired, but that he is capable of understanding simple directions.  *Id*.  Ms.

3

Curfman also noted that plaintiff was unkempt, had difficulty finding words at times, was depressed, and experienced auditory hallucinations twice per week.  *Id*.

S.K. Singh, M.D., provided psychiatric care on at least 22 occasions between December 18, 2008 and March 2012.  *TR* 629, 641, 647, 653, 663, 674, 677, 685, 690, 701, 705, 711, 874-99. Dr. Singh completed a psychiatric/psychological impairment questionnaire on August 21, 2011.  *TR* 815-21.  Dr. Singh diagnosed bipolar II disorder and anxiety disorder, NOS,  *TR* 815, and opined that plaintiff was markedly limited in his ability to (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) maintain attention and concentration for extended periods, (4) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance, (5) work in coordination with or in proximity to others without being distracted by them, (6) complete a normal workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (7) interact appropriately with the general public, (8) accept instructions and respond appropriately to criticism from supervisors, (9) get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and (10) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. *TR* 818-19.  Dr. Singh further opined that plaintiff has a poor ability to recall and to relate to others, lacks concentration, is easily angered, and would likely be absent from work more than three times per month because of his

impairments. *TR* 820. Finally, Dr. Singh opined that plaintiff "does not appear to be able to work". *Id*.

David R. Bousquet, M.Ed., performed a consultative psychological evaluation at the request of the state agency on February 13, 2009. *TR* 349-56. Mr. Bousquet diagnosed major depressive disorder, recurrent without psychotic features; anxiety disorder, NOS; and polysubstance dependence, past history, in sustained full remission by report. *TR* 354. Mr. Bousquet assigned an emotional and psychological GAF of 50 and a functional GAF of 55. *TR* 355. According to Mr. Bousquet, plaintiff was markedly impaired in his ability to relate to others, including co-workers and supervisors, and to deal with the stress and pressure associated with day-to-day work activities. *TR* 355-56. Plaintiff was unimpaired in his ability to understand, follow, and remember simple/basic instructions and/or directions or to maintain attention and concentration sufficient to perform simple repetitive tasks. *Id*.

Krishnan K Aggarwal, M.D., treated plaintiff on at least nine occasions between May 2009 and June 2010. *TR* 552-59. On June 25, 2010, Dr. Aggarwal completed a multiple impairment questionnaire in which he opined that, in an eight-hour day, plaintiff could sit for no more than one hour, could stand or walk for no more than one hour, and would be required to change position and move around every 15 minutes. *TR* 561. Plaintiff could lift no more than five pounds occasionally, was significant limitations in his ability to engage in repetitive reaching, handling, fingering, and lifting, and was essentially precluded from grasping, turning, and twisting objects; from using his

5

fingers and hands for fine manipulations; and from using his arms for reaching.  *TR* 562-63.  Dr. Aggarwal also opined that plaintiff was incapable of tolerating even "low stress" at work, must take a 20 to 30 minute break every 20 minutes and would miss work more than three times per month.  *TR* 559-65.  In a letter dated June 25, 2010, Dr. Aggarwal opined that plaintiff

> was not capable of holding down a regular job.  Due to memory loss from mini-stroke, diabetes, and epilepsy, the patient is untrainable.  He would not be able to retain information which he would need to learn a job.  His pain from Neuropathy would prevent him from doing any manual labor; and with his history of back surgery, he couldn't be lifting or tugging, pulling or pushing any amount of weight.

*TR* 551.  In a letter dated May 20, 2011, Dr. Aggarwal also opined that plaintiff "is totally disabled without consideration of any past or present drug and/or alcohol use."  Dr. Aggarwal did not believe that plaintiff was using drugs or alcohol at that time.  *TR* 722.

    A January 2010 pulmonary function study documents mild obstructive lung disease with mild improvement after bronchodilators, but no significant restrictive lung disease.  *TR* 451.

    Plaintiff reported to the emergency room on March 19, 2010 with complaints of chest pain.  *TR* 536, 539.  He was diagnosed with chest pain, reflex esophagitis, hypertension, and infection lesion on the buttock.  *TR* 540.  A March 2010 emergency room visit resulted in a diagnosis of sinusitis.  *TR* 528-29.

    On April 7, 2010, plaintiff underwent excision of multiple verrucae of both thighs and buttocks, *TR* 621, and was subsequently treated with intravenous antibiotics for infection at the sites.  *TR* 575-83, 619-25.

6

Plaintiff reported to the emergency room on May 13, 2010 with suicidal thoughts.  *TR* 516, 801.  A drug screen was positive for cannabis. Plaintiff's condition improved and he was discharged the same day.  *TR* 801-03.

Plaintiff reported to the emergency room in June 2010 with right knee pain.  An x-ray revealed no evidence of fracture or dislocation but an MRI revealed small joint effusion, a popliteal cyst and degeneration of the medial meniscus.  *TR* 790-814.

Plaintiff underwent surgical repair of a hernia on August 17, 2010.  *TR* 570-71.  He was advised against lifting, pulling or pushing of more than 25 to 35 pounds for three to four weeks.  *TR* 616.

Kristen Haskins, Psy.D., reviewed the record on behalf of the state agency and completed a mental residual functional capacity assessment and psychiatric review technique form on March 10, 2009. *TR* 763-80. According to Dr. Haskins, plaintiff was moderately limited in 12 of 20 areas of functioning related to understanding and memory, sustained concentration and persistence, social interaction, and adaptation.  *TR* 763-64.  She also opined that plaintiff "is capable of completing simple and many multi step tasks [that] he is motivated to perform in a setting that is not fast paced, does not have stringent time or production requirements, where he could work independently without over the shoulder supervision;" he "is able to relate superficially when he chooses to do so."  *TR* 766.  Plaintiff is mildly restricted in his activities of daily living and is moderately limited in his ability to maintain social functioning and concentration, persistence, or pace.  *TR* 777.

Catherine Flynn, Psy.D., also reviewed the record for the state agency and, on June 22, 2009, affirmed Dr. Haskins' assessment.  *TR* 432.

Eli Perencevich, D.O., reviewed the record for the state agency and completed a physical residual functional capacity assessment on March 11, 2009.  *TR* 825-32.  According to Dr. Perencevich, plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for a total of six hours in an 8-hour workday, and sit for a total of six hours in an 8-hour workday.  *TR* 826.  Dr. Perencevich further opined that plaintiff should avoid exposure to unprotected heights or hazardous machinery.  *TR* 829.

Walter Holbrook, M.D., another state agency physician, affirmed Dr. Perencevich's assessment on November 24, 2009.  *TR* 448.  Anton Freihofner, M.D., also reviewed the record and, on March 9, 2010, reaffirmed the assessment.  *TR* 505.

**III. September 21, 2011 Administrative Hearing**

Plaintiff testified at the administrative hearing that he is unable to work because of his depression, bipolar disorder, poor circulation in his legs, arthritis in his knees, and foot problems.  His medications cause dizziness, and he had fallen eight times in the previous five months.  *TR* 980-81.  He has pain with standing and sitting.  *TR* 965, 970-71.  Plaintiff described his back pain as radiating into his hips and legs at least three days per week.  He also complained of numbness in his legs, regular headaches, knee pain three times per month, and frequent pain from acid reflux disease, and angina.  *TR* 979-83.  He can concentrate for one and a half to two

8

hours, he has frequent thoughts of worthlessness, decreased energy, mood swings, panic attacks, anger and memory problems, and he isolates himself. *TR* 983-97. He

Plaintiff can care for his personal needs. He vacuums, cooks and washes dishes twice a week, does laundry once a month, and goes shopping twice a month. *TR* 975-76. In a typical day, plaintiff watches television, listens to the radio, and plays computer games. *TR* 976-77.

Plaintiff testified at the administrative hearing that he continues to smoke a pack of cigarettes a day; he has not used alcohol or marijuana in five years. *TR* 963, 974.

The vocational expert was asked to assume a claimant with plaintiff's vocational profile

> who retains the capacity to perform light work, with a sit/stand option allowing the person to [INAUDIBLE] for one to two minutes, alternate sitting or standing positions at 30-minute intervals throughout the day without going off task. Is limited to no foot control operation, is limited to occasional posturals, except no climbing of ladders, ropes or scaffolds. Is limited to jobs that can be performed while using a hand-held assistive device required only for uneven terrain or prolonged ambulation and the contralateral upper extremity can be used to lift and carry up to exertional limits. Must avoid concentrated exposure to extreme cold and heat. Must avoid concentrated exposure to wetness and humidity. Must avoid all exposure to unprotected heights, hazardous machinery and commercial driving. Whose work is limited to simple, routine and repetitive tasks in a work environment, free of fast-paced production requirements, developing only simple work-related decisions with few, if any workplace changes. Is to have no interaction with the public and only occasional interaction with coworkers.

*TR* 992-93. The vocational expert responded that such an individual could not perform plaintiff's past relevant work as a ripsaw operator, but could perform such light jobs as office cleaner or garment sorter

9

and marker, of which there are approximately 200,000 and 90,000, respectively, jobs nationally.  *TR* 992-93.

**IV.   Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of myocarditis, history of coronary artery disease and transient ischemic attacks, history of basal cell carcinoma, affective disorder, anxiety, and substance abuse disorder.  *TR* 1005. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the RFC to

> lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours total in an 8-hour workday, and sit for 6 hours total in an 8-hour workday.  The claimant also requires a sit/stand option allowing the claimant, briefly for one to two minutes, to change positions at 30 minutes [sic] intervals.  He cannot operate foot controls.  The claimant can occasionally balance, stoop, kneel, crouch, and crawl, and climb ramps and stairs, but never climb ropes, ladders, or scaffolds. He must avoid concentrated exposure to temperature extremes as well as wetness and humidity.  The claimant must avoid all exposure to unprotected heights, hazardous machinery, and commercial driving.  He is limited to performing simple routine repetitive tasks in work environment [sic] free of fast-paced production requirements involving only simple work related decisions with few, if any work place changes. The claimant is to have no interaction with the public and only occasional interaction with co-workers.

*TR* 1006-08.  Although this RFC precluded plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy.  *TR* 1015-16. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from April 16, 2005. *TR* 1017.  As noted supra, the Appeals Council modified the

administrative law judge's decision and concluded that, under the Medical-Vocational Guidelines, plaintiff was disabled as of the date that he reached the age of 55. *TR* 12-14.

**V.   Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, first, that the administrative law judge

11

erred in evaluating the opinions of his treating physicians, Dr. Singh and Dr. Aggarwal. *Statement of Errors*, PAGEID 52-58. The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, i.e., reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded to the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

>  obtained from the objective medical findings alone or from
>  reports of individual examinations, such as consultative
>  examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Dr. Singh treated plaintiff on at least 22 occasions between February 2009 and March 2012, *see TR* 629, 641, 647, 653, 663, 674, 677, 685, 690, 701, 705, 711, 874-99, and opined in August 2011 that plaintiff was markedly limited in 10 of 20 categories of work-related functioning and moderately limited in four of 20 such categories.  *TR* 815-21.  Dr. Singh further opined that plaintiff had poor recall and ability to relate to others, lacked concentration, was easily angered, and would likely be absent from work more than three times per month because of his impairments.  *TR* 820.

The administrative law judge gave "little weight" to Dr. Singh's opinions, stating only that this treating provider's opinions "are not well-supported by objective medical evidence in the record and his opinions are inconsistent with the record as a whole."  *TR* 1015.  Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Singh's August 2011 opinion.  *Statement of Errors*, pp. 14-20.  This Court agrees.

The Commissioner concedes that Dr. Singh is plaintiff's "treating psychiatrist."  *Commissioner's Response*, p. 5.  The administrative law judge did not, however, characterize Dr. Singh as a treating provider, nor did he expressly consider the factors required by *Wilson.*  The administrative law judge also failed to expressly discuss Dr. Singh's treatment notes, nor did he explain exactly how Dr. Singh's opinions are "inconsistent with the record as a whole."  The administrative law

13

judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discounting Dr. Singh's opinions.  See *Rogers*, 486 F.3d at 242.

The Court also concludes that the administrative law judge failed to properly evaluate Dr. Aggarwal's opinion of disability and assessment of plaintiff's ability to engage in work-related functions. The administrative law judge stated only that he accorded "little weight to these opinions because they are not well-supported by objective medical evidence.  Moreover, they are not consistent with the record as a whole." *TR* 1014.  As with Dr. Singh's opinions, however, the administrative law judge wholly failed to explain how these opinions are deficient and not entitled to either controlling or even great weight.

The Court therefore concludes that the matter must be remanded for further consideration of the opinions articulated by plaintiff's treating providers, Drs. Singh and Aggarwal.

Having concluded that the action must be remanded for further consideration of the opinions of plaintiff's treating providers, the Court need not and does not address plaintiff's remaining arguments.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for further consideration of the opinions of plaintiff's treating providers.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 24, 2013                                          *s/Norah McCann King*
                                                       Norah M$^c$Cann King
                                             United States Magistrate Judge