**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT FRANCIS CASSIDY,**

      **Plaintiff,**

  vs.                                      **Civil Action 2:12-cv-668
Judge Marbley
Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### REPORT AND RECOMMENDATION

The decision of the Commissioner of Social Security was reversed pursuant to Sentence 4 of 42 U.S.C. § 405(g) and the matter was remanded for further consideration of the opinions of plaintiff's treating providers. *Opinion and Order*, Doc. No. 23. This matter is now before the Court on plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *Motion for Attorney Fees under the Equal Access to Justice Act (EAJA)*, Doc. No. 25 ("*Motion for Fees*"). There has been no response to the *Motion for Fees*.

**Standard:**

      The Equal Access to Justice Act ("EAJA") provides in pertinent part:

      Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). The position of the United States is "substantially justified" for purposes of the EAJA

      if it is 'justified in substance or in the main' –- that is,

> justified to a degree that could satisfy a reasonable person."
> ... [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted). The burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The $125.00 "statutory rate is a ceiling and not a floor."  *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).  To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Once the district court has examined the prevailing market rate, it must then consider whether a fee in excess of the $125.00 statutory cap

is justified based on cost of living increases. 28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does not warrant an increase in the rate. *Bryant*, 578 F.3d at 450.

**Discussion:**

Plaintiff is a "prevailing party" under the EAJA because he secured a Sentence 4 remand order. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). The Commissioner, who has not responded to the *Motion for Fees*, has not established that the government's litigation position was substantially justified. The Court therefore concludes that the position of the Commissioner was not substantially justified and that an award of fees under the EAJA is warranted. *See True*, 250 F.3d at 419 n.7 ("[U]nder the EAJA it is the government's burden to prove that its position was substantially justified.").

Having determined that attorneys' fees should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.).

Plaintiff seeks an award of attorney's fees in the amount of $5,865.60. He has established that his attorneys, Daniel S. Jones, Esq., and Charles E. Binder, Esq., expended a combined total of 32.50 hours before this Court in connection with this case. *Affirmation of Charles E. Binder, PAGEID* # 122-25. Plaintiff seeks compensation at the rate of $180.48 per hour, as well as the $350.00 filing fee. *Motion for Fees*, Plaintiff also refers to the $238.00 per hour mean billing rate for the Greater Columbus area. *See The Economics of Law Practice inOhio,* http://www.ohiobar.org/*General%20Resources/pub/2010_Economics_of_Law_Practice_Study.pdf*. Under the circumstances, the Court concludes that plaintiff has provided satisfactory evidence that the requested average hourly rate of $180.48 is in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

The Court also concludes that the hours itemized by plaintiff's counsel are reasonable.

Finally, plaintiff has assigned his rights and interests in any fee award to his counsel. *Retainer Agreement and Assignment, PAGEID* # 127.

It is therefore **RECOMMENDED** that plaintiff's unopposed *Motion for Fees*, Doc. No. 25, be **GRANTED** and that plaintiff be awarded an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the

amount of $5,865.60, as well as the $350.00 filing fee. If it is determined that plaintiff does not owe a debt to the United States, that amount may be paid directly to plaintiff's counsel in light of plaintiff's assignment to that effect. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                         *s/Norah McCann King*
                                           Norah McCann King
                                United States Magistrate Judge

December 26, 2013